IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | Cr. No. 6:17-73-HMH |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Delmar Deshion Jackson, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Delmar Deshion Jackson's ("Jackson") motion for compassionate release. For the reasons set forth below, the court denies Jackson's motion for compassionate release.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 19, 2017, Jackson pled guilty to one count of conspiracy to commit Hobbs Act armed robbery in violation of 18 U.S.C. § 1951(a).[1] On January 23, 2018, Jackson was sentenced to 149 months' imprisonment. Jackson filed an untimely notice of appeal on December 17, 2018. Jackson also filed a § 2255 motion on December 17, 2018,[2] alleging in part that his attorney had failed to file a direct appeal as requested. The court vacated Jackson's sentence and judgment of conviction and immediately reimposed and reinstated his sentence and conviction on January 7, 2019, allowing Jackson the opportunity to pursue his direct appeal. The court dismissed the remaining claims in the § 2255 motion without prejudice. On direct appeal, the Fourth Circuit affirmed in part and dismissed in part on July 22, 2019. United States v. Jackson, 781 Fed. App'x 188 (4th Cir. July 22, 2019) (unpublished). Jackson filed the instant

---

[1] The conspiracy involved six armed robberies.

[2] Houston v. Lack, 487 U.S. 266 (1988).

motion for compassionate release on August 3, 2020.  (Mot. Compassionate Release, ECF No. 92.)  It appearing that Jackson had exhausted his administrative remedies, the court ordered the Government to respond, and the Government filed a response on September 30, 2020.  (Gov't Resp., ECF No. 101.)  This matter is ripe for consideration.

## II. Discussion of the Law

Jackson contends that he should be compassionately released based on his health and family circumstances.  (Mot. Compassionate Release, generally, ECF No. 92.)  "A defendant who seeks compassionate release under § 3582(c)(1)(A)(i) has the burden of establishing that such relief is warranted."  United States v. Edwards, No. 6:17-cr-00003, 2020 WL 1650406, at *3 (W.D. Va. Apr. 2, 2020) (citations omitted).  Section 3582(c)(1)(A) provides that the court

> may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The Sentencing Commission's policy statement is contained in the United States Sentencing Guideline ("U.S.S.G.") § 1B1.13.  Section 1B1.13 note 4 states that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community."  Further, U.S.S.G. § 1B1.13 note 1 provides:

> 1. Extraordinary and Compelling Reasons.–Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.–
(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
(ii) The defendant is–
(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
(B) Age of the Defendant.–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
(C) Family Circumstances.–
(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
(D) Other Reasons.–As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

In addition, pursuant to § 1.B13 note 1(D), the BOP issued Program Statement 5050.50, which defines a "debilitated medical condition" as being "[c]ompletely disabled, meaning the inmate cannot carry on any self-care and is totally confined to a bed or chair; or [c]apable of only limited self-care and is confined to a bed or chair more than 50% of waking hours."  BOP Program Statement 5050.50 at 5, https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

First, Jackson seeks compassionate release under U.S.S.G. § 1B1.13 note 1(c)(i) based on family circumstances.  The mother of Jackson's children died in 2013, and the children were being cared for by Jackson's mother; however, Jackson's mother passed away in 2018, during

3

Jackson's incarceration. Jackson submits that he needs to be released to care for his children. However, Jackson does not submit any evidence as to who is caring for his children at this time. His medical records note that his children are being cared for by a relative. (Gov't Resp. Opp'n (Medical Records 28), ECF No. 103-2.) Thus, it does not appear that Jackson is the only available caregiver for his children. Jackson further fails to articulate how he would be able to care for his children, including one child with special needs, in light of his own current limitations. In addition, notably, Jackson committed the offenses in this case after the death of his wife in 2013. Jackson was not concerned for the future care of his children when he was participating in the multiple serious and dangerous armed robberies in this case, which resulted in his current incarceration. Based on the foregoing, the court finds that Jackson's family circumstances are not extraordinary and compelling reasons for compassionate release.

In addition, Jackson seeks compassionate release based on his health, which he alleges places him at risk for severe illness from COVID-19. After review, the court finds that Jackson has presented extraordinary and compelling reasons due to his health. Jackson has limited mobility and utilizes a wheelchair following a stroke in September 2019 that caused right-side paralysis, numbness, tingling, and trouble speaking . (Gov't Resp. Opp'n Exs. 2-3 (2019-2020 Medical Records), ECF No. 103.) However, Jackson independently performs all of his primary activities of self care and is housed in the ambulatory section of Federal Medical Center Rochester. (Id. Ex. 1 (Warden Response), ECF No. 101-2.) Further, Jackson has been diagnosed with gastroesophageal reflux disease ("GERD"), type 2 diabetes, obesity, hypertension, depression, and vitamin A& D deficiency. (Id. Ex. 3 (Medical Records 29-30), ECF No. 103-2.) No. 51-7.) Jackson is at increased risk of serious illness from COVID-19

based on his diabetes and obesity combined with his mobility limitations. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Therefore, the court finds that extraordinary and compelling circumstances exist in this case. However, the existence of extraordinary and compelling reasons is not enough, by itself, to support a sentence reduction. The court must still consider whether a sentence reduction is appropriate in light of applicable sentencing factors in 18 U.S.C. § 3553(a).

Having considered the factors under § 3553(a), the court finds that the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for the sentence to reflect the seriousness of the offense, and the need to promote respect for the law do not support a reduction in this case. Jackson is a dangerous person. Jackson pled guilty to one count of conspiracy to commit Hobbs Act robbery, which involved six armed robberies. For one month between October 26 and November 25, 2015, Jackson, along with another person, terrorized the West Greenville, South Carolina community, committing six armed robberies of businesses. (PSR ¶¶ 28-34.) Further, Jackson has a significant criminal record including numerous drug convictions, convictions for felon in possession of firearm and ammunition, reckless endangerment, and resisting arrest. (Id. ¶¶ 43-53.) Moreover, Jackson served a federal sentence of 40 months' imprisonment for his prior conviction of felon in possession of firearm and ammunition, which clearly did not serve as a deterrent to his continued criminal conduct. (Id. ¶ 53.) The only conclusion that can be drawn from the record in this case based on Jackson's history and characteristics and the nature and circumstances of the offense is that he is a dangerous person who poses a risk to the community. Further, Jackson has served less than half of his 149-month sentence.

Having considered the § 3553(a) factors enumerated, the court finds that the existing 149-month sentence promotes respect for the law, deters crime, and protects the public, and is "sufficient, but not greater than necessary." For all the reasons set forth above, Jackson's motion for compassionate release, docket number 92, is denied.

**IT IS SO ORDERED.**

    s/Henry M. Herlong, Jr.
    Senior United States District Judge

October 16, 2020
Greenville, South Carolina